IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JULIA ANN FUCHSBERGER, the widow and dependent of JAMES STEVEN FUCHSBERGER, deceased, and as the personal representative of the Estate of James Steven Fuchsberger, deceased | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:16-cv-545-TFM [wo] |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 17-19, filed 9/1/16) and 28 U.S.C. § 636(c). Pending before the Court is the *Motion to Remand* (Doc. 12, filed 8/4/16). The motion has been fully briefed and is ripe for review. Having considered the motions and relevant law, the Court finds the motion to remand is due to be **GRANTED**.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Julia Ann Fuchsberger ("Fuchsberger" or "Plaintiff"), as dependent and personal representative of the Estate of James Steven Fuchsberger, filed this a complaint in Macon County, Alabama Circuit Court on June 3, 2016. *See* Doc. 1, Atch 1, Complaint. The suit alleges wrongful death stemming from the negligent and wanton actions of Defendants Love's Travel Stops & Country Stores, Inc., Hayden Brett Thomas, W&W Truck and Trailer, Inc., and Raymond A. Keene. On July 5, 2016, Defendants filed a Notice of Removal in this court based on an assertion of diversity jurisdiction. *See* Doc. 1, generally. Defendants Love's Travel Stops

& Country Stores, Inc. ("Loves Travel Shop") and Hayden Brett Thomas ("Thomas") state in their Notice of Removal that the case is properly removable under 28 U.S.C. §1441 because the United States District Court has original jurisdiction over this case under 28 U.S.C. §1332.

Specifically, Defendants Loves Travel Shop and Thomas assert diversity jurisdiction exists in this case because the amount in controversy exceeds the $75,000 jurisdictional threshold and complete diversity of citizenship exists among the "true parties" when considering Defendant Thomas has been fraudulently joined. Plaintiff is a citizen of Arkansas. Defendants W&W Truck and Trailer, Inc. ("W&W") and Raymond A. Keene ("Keene") are citizens of South Carolina and Defendant Loves Travel Shop is a citizen of Oklahoma. Defendant Thomas – the defendant which has allegedly been fraudulently joined – is a citizen of Alabama.

Plaintiff timely filed her motion to remand on August 4, 2016. *See* Doc. 12. In the motion to remand, Plaintiff asserts Defendant Thomas was not fraudulently joined and therefore this case was not removable pursuant to 28 U.S.C. § 1441(b)(2) which states "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants responded to the motion to remand arguing that Thomas was fraudulently joined because Plaintiff could not recover against him under Alabama law. *See* Doc. 16. Therefore, if fraudulently joined, the Court must disregard his citizenship when considering the existence of diversity of citizenship. They emphasize the point by arguing that Alabama law does not permit premises liability involving a manager. They also argue the alleged hazardous condition was open and obvious and therefore there would be no liability. Plaintiff timely filed a reply asserting Defendants have not established that Alabama law precludes a claim against Thomas and thus, his citizenship

precludes removal. See Doc. 20.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, have the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

Even if complete diversity is lacking "on the face of the pleadings," a defendant may remove "an action…if the joinder of the non-diverse party…[was] fraudulent." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). The action is removable because "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287. The Eleventh Circuit has recognized three situations in which joinder may be deemed fraudulent: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (or non-

diverse) defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when there is no real connection to the claim and the resident (or non-diverse) defendant. *Id*.

"[T]he determination of whether a [non-diverse] defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). "The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]." *Id*. at 1322-23. Accordingly, all contested issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor. *See id*. at 1323; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

### III. DISCUSSION AND ANALYSIS

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal. Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Section 1446(b) then answers the question of when an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." Normally, the notice of removal must "be filed within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However, in this case, Plaintiff asserts 28 U.S.C. § 1441(b)(2) – also known as the forum defendant rule –

prohibits removal because Defendant Thomas is an Alabama citizen.

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement. The amount in controversy is not at issue, thus the Court looks to the diversity of citizenship and the prohibition of the forum defendant rule.

Plaintiff is "the master of the complaint and is free to avoid federal jurisdiction, by structuring [her] case to fall short of a requirement of federal jurisdiction. [Courts] permit this so long as the method of avoidance is not fraudulent." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citations and quotations omitted). Defendants have alleged that Thomas has been fraudulently joined under the "no cause of action" theory of fraudulent joinder. This theory requires the defendants to prove that there is "[no] possibility that a state court would find that the complaint states a cause of action against . . . the [non-diverse] defendant[]." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quotation marks omitted); *see also Restivo v. Bank of Am. Corp.*, 618 Fed. Appx. 537, 539 (11th Cir. July 8, 2015) (quoting *Crowe*). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. The "potential for legal liability must be reasonable," however, "not merely theoretical." *Legg*, 428 F.3d at 1325 n.5 (citation and internal quotation marks omitted). Stated differently, a court may deny the motion to remand only if there was no possibility that the plaintiff could have maintained a cause of action. *Henderson*, 454 F.3d at 1281-82. The

court's "task is not to gauge the sufficiency of the pleadings in this case. [The] inquiry is more basic: [The court] must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient…" *Id*. at 1284; *see also Gonzalez v. J.C. Penney Corp.*, 209 Fed. Appx. 867, 869 (11th Cir. Oct. 20, 2006) ("The burden of establishing fraudulent joinder is a heavy one.").

In the case at hand, Plaintiff alleges that "Defendant Hayden Brett Thomas was the manager of Love's Travel Stop and Country Store #577 and was charged with the responsibility of maintaining and controlling the safety of the premises and its invitees." *See* Complaint, Doc. 1-1 at p. 8-9, ¶ 37. In short, Plaintiff asserts claims for negligence and/or wantonness for creation and maintenance of a dangerous premises, failure to inspect the premises, and failure to warn – all of which ultimately played a role in the accident which resulted in James Fuchsberger's death. Defendants assert Defendant Thomas could not be held responsible under Alabama law and attach as supporting evidence an affidavit from Thomas stating he "has no control or responsibility over the construction, planning, installation, design, maintenance, or inspection of the egress and ingress, spacing, parking, traffic control mechanisms or other such measures that Plaintiff contends in this subject lawsuit." *See* Doc. 1, Exhibit D, Thomas Affidavit. In their response to the motion to remand, Defendants for the first time assert an affirmative defense that the premises dangers were open and obvious.

When considering the motion to remand and applying the summary judgment standard by resolving all factual disputes in favor of the plaintiff, the Court is unable to conclude that no Alabama court would find this complaint sufficient against Defendant Thomas. While defendants argue Thomas had no duty to maintain a safe premises, Alabama law does not establish such a clear rule of law. Defendants cite no law or rule which provides that legal

clarity.

Alabama courts have previously found that a storekeeper must exercise reasonable care in providing and maintaining a reasonably safe premise for the use of their customers. *See, e.g., McCombs v. Bruno's, Inc.*, 667 So. 2d 710, 712 (Ala. 1995) ("The rule of law for cases such as this is that there is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers"). As noted in other similar federal removal cases, that language does not fully establish that a store manager would not qualify as a shopkeeper under Alabama law. In fact, some Alabama cases would actually indicate otherwise. *See Kimbrough v. Dial*, Civ. Act. No. 06-0585-WS-C, 2006 U.S. Dist. LEXIS 89950, *9-10, 2006 WL 3627102 (N.D. Ala. Dec. 8, 2006) (citing *Boyd v. Wal-Mart Stores, Inc.*, 710 So.2d 1258 (Ala. Civ. App. 1997) and *Waters v. Anthony*, 40 So. 2d 316, 252 Ala. 244 (Ala. 1949)). Further, other similarly situated federal courts have remanded in the exact situation presented in this case. *See Kimbrough*, 2006 U.S. Dist. LEXIS 89950, 2006 WL 3627102; *McDonnell v. Cracker Barrel Old Country Store, Inc.*, Civ. Act. No. 06-0798-WS-M, 2007 U.S. Dist. LEXIS 8204, 2007 WL 314492 (S.D. Ala. Jan 31, 2007); *Parker v. Lowe's Home Ctrs.*, Civ. Act. No. 1:13-cv-553-WKW, 2013 U.S. Dist. LEXIS 154785 (M.D. Ala. Oct. 29, 2013).[1] In both *Kimbrough* and *Parker*, the court remanded cases involving defendants alleging fraudulent joinder of a store manager in premises liability cases under Alabama law.

In *Kimbrough*, the plaintiff slipped and fell on a slippery substance on the floor of a business establishment. She brought Alabama common-law claims for negligence and wantonness against the business and the store manager, seeking to recover for the injuries she suffered in the fall. The defendants removed the action on the basis of diversity jurisdiction and the fraudulent joinder of the store manager. The defendants argued that the store manager had

---

[1] No Westlaw citation is available.

not personally contributed to the plaintiff's injuries and, thus, that no reasonable possibility existed of a claim against the store manager. The court disagreed and found that the defendants had not met their burden of showing that the allegations were "insufficient as a matter of law to satisfy Alabama's 'personal participation' prerequisite for personal liability for a corporate agent." *Kimbrough*, 2006 U.S. Dist. LEXIS 89950, *15, 2006 WL 3627102, at *5. Accordingly, the court remanded the case, finding that the defendants had not met their burden of demonstrating the fraudulent joinder. Similarly, in *McDonnell* and *Parker*, the courts (relying heavily on the *Kimbrough* analysis) found that remand was appropriate in a removed action involving allegations of fraudulent joinder of a store manager in a premises liability case. *McDonnell*, 2007 U.S. Dist. LEXIS 8204, 2007 WL 314492; *Parker*, 2013 U.S. Dist. LEXIS 154785. All three cases are cited by Plaintiff in her motion to remand.

      Defendants – despite their best attempts to distinguish those cases – acknowledge their recognition that Alabama law on this issue seems to be unsettled. *See* Doc. 16 at p. 8. They argue that the duty Plaintiff attempts to impose is higher in this case than the other Alabama cases involving remand. However, any ambiguity under Alabama law as to whether under the facts alleged in this case that the store manager may be held liable for Fuchsberger's accident and subsequent death, on a fraudulent joinder analysis, that ambiguity must be resolved in Plaintiff's favor. *See Crowe*, 113 F.3d at 1539.

      Much like the analysis previously discussed in the cited cases from all three Alabama federal districts, the Court finds that Defendants have not met their heavy burden on removal to prove Plaintiff fraudulently joined the store manager. Thus, the case must be remanded and any remaining motions are left for the state court's determination.

## IV. Conclusion

Pursuant to the foregoing Memorandum Opinion, the Court grants the *Motion to Remand* (Doc. 12) and this action is REMANDED to the Circuit Court of Macon County, Alabama.  The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this 16th day of November, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE